No. 110,470

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY NEIL GORDON, SR.,
*Appellant*.

SYLLABUS BY THE COURT

1.

Our Kansas Code of Criminal Procedure, at K.S.A. 2013 Supp. 22-4616, provides a special statutory designation for domestic violence offenses—a designation which carries with it a specific sentencing provision. The trier of fact is to make a determination in every criminal case as to whether the offense is one of domestic violence and therefore possibly subject to the domestic violence designation.

2.

Applying the statutory domestic violence designation under K.S.A. 2013 Supp. 22-4616 is a multistep process: (1) If there is evidence in a criminal case that the offense in question is a domestic violence offense, the trier of fact shall determine whether the offense is indeed one of domestic violence; (2) If that determination is made, the district court shall place a domestic violence designation on the case; (3) If that designation is applied, the defendant shall be subject to a domestic violence assessment and shall follow its recommendations as part of his or her sentence.

1

**3.**

There is an exception that may prevent a case from receiving a domestic violence designation. If the district court finds on the record that the defendant has never before committed or entered into a diversion for a domestic violence offense and that the offense in question was not used "to coerce, control, punish, intimidate, or take revenge against a person with whom the offender is involved or has been involved in a dating relationship or against a family or household member," the court shall not apply the designation. K.S.A. 2013 Supp. 22-4616(a)(2).

**4.**

After an initial determination that an offense is a domestic violence offense, the application of the domestic violence designation is the default and can only be lifted if the district court explicitly finds "on the record" that the two conditions set out in K.S.A. 2013 Supp. 22-4616(a)(2) have been satisfied. Without those findings, the designation stands, and the offender is subject to the domestic violence assessment as set out in K.S.A. 2013 Supp. 21-6604(p).

**5.**

The district court is not required to make findings on the record that the conditions outlined in K.S.A. 2013 Supp. 22-4616(a)(2) have *not* been satisfied. The statute only requires specific findings on the record when the conditions have been satisfied.

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed November 14, 2014. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Sherri Schuck*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., ARNOLD-BURGER, J., and LARSON, S.J.

2

ARNOLD-BURGER, J.: Since 2011, Kansas law has required that the trier of fact in a criminal case determine if there is evidence that the defendant committed a domestic violence offense. K.S.A. 2013 Supp. 22-4616. A domestic violence offense is defined as "any crime committed whereby the underlying factual basis includes an act of domestic violence." K.S.A. 2013 Supp. 21-5111(j). If the offense is determined to be one of domestic violence, the case receives a special domestic violence designation. K.S.A. 2013 Supp. 22-4616(a)(1). Application of this domestic violence designation to a particular case results in a court order that the defendant complete a domestic violence offender assessment and follow its recommendations as part of his or her sentence. K.S.A. 2013 Supp. 21-6604(p). However, the statute provides an exception to this rule if the court finds on the record that the defendant "has not previously committed a domestic violence offense" and the current offense "was not used to coerce, control, punish, intimidate or take revenge against a person with whom the offender is involved." K.S.A. 2013 Supp. 22-4616(a)(2)(A), (B).

Gary Gordon, Sr., entered a no contest plea to aggravated battery against his live-in girlfriend. After the district court accepted the plea, the State requested that the court apply the domestic violence designation to Gordon's case. Gordon objected, arguing that the district court was required to make findings on the record that the exception did not apply before applying the designation. The district court disagreed. Gordon appeals the domestic violence designation. Because we find that the district court is only required to make factual findings concerning the exception when the exception is applied, we affirm the district court's order.

FACTUAL AND PROCEDURAL HISTORY

In the early hours of the morning on May 11, 2013, law enforcement officers arrived at Gordon's home to investigate a domestic disturbance. At the time, Gordon and his long-time girlfriend Rosemary Schmeal lived together at the residence. When officers

3

first knocked at the door, no one answered; after a time, Gordon answered the door and informed the officers that "he didn't know what was going on, that [Schmeal] was drunk." He directed officers to the bedroom, where they found Schmeal lying on the floor, her head and hair wet with blood that dripped onto the carpet. The officers observed a cut and swelling on the left rear side of her head. Schmeal informed the officers that she had been hit in the face. She then explained that after a doctor's appointment, she and Gordon had arrived home and had a few drinks before she went to bed. However, she later woke up to "Gordon striking her about the head and face with a flashlight," which officers found at the scene. The flashlight "was covered in blood and clumps of hair that had been—that appeared to have come from Ms. Schmeal's head." Schmeal ultimately received medical treatment for these injuries.

The State charged Gordon with one count of aggravated battery and one count of domestic battery. Ultimately, Gordon entered into a plea agreement with the State in which he agreed to plead no contest to the aggravated battery charge in exchange for a dismissal of both the domestic battery charge and another criminal case—13-CR-42—pending in the same court. Gordon did not object to the factual basis for the plea. The district court found it sufficient to convict him.

At the time of Gordon's plea, the State requested that the district court apply the domestic violence designation in K.S.A. 2013 Supp. 22-4616 to Gordon's case. The State noted that 13-CR-42—the dismissed case—also involved Gordon and Schmeal and that, at the time of the plea hearing, Gordon was on probation for another offense involving domestic battery against Schmeal. We pause to note that in its appellate brief the State concedes that it misspoke at the arraignment. Gordon was not on probation when the aggravated battery occurred, but he was out on bond on case number 13-CR-42—a domestic violence charge—when the aggravated battery was committed. But Gordon had been on probation in the past for domestic battery. The records of the prior domestic battery conviction were included, without objection, in the record on appeal.

4

Regardless of this misstatement, Gordon objected to the court making the domestic violence offense finding at the time of the plea, arguing only that the court needed to wait until sentencing to make the domestic violence designation. In response, the district court agreed to take the issue of the designation under advisement; however, when a court services officer noted that the court needed to make the designation in order for it to appear on Gordon's presentence investigation report, the district court agreed to qualify the offense as one of domestic violence over Gordon's objection.

The district court sentenced Gordon to 21 months in prison but granted him probation for 24 months. After the court pronounced the sentence, the State inquired about requiring a domestic violence evaluation. At that time, Gordon again objected to the district court applying the domestic violence designation. Gordon reasoned that the district court needed to "make the findings per the statute"—that is, specifically find on the record that the statutory exception to the domestic violence designation outlined in K.S.A. 2013 Supp. 22-4616(a)(2) did not apply. The district court disagreed and made no additional findings. It subsequently checked the box on the sentencing journal entry regarding the domestic violence designation and ordered that Gordon undergo a domestic violence assessment as part of his sentence.

Gordon timely appealed.

ANALYSIS

*The district court did not violate Gordon's rights when it designated his crime a domestic violence offense.*

On appeal, Gordon argues that the district court violated his due process rights by misinterpreting K.S.A. 2013 Supp. 22-4616(a)(2). Namely, he argues that the statute in question, which allows for a domestic violence designation in certain cases, requires

5

specific, explicit findings from the district court that the statutory exception does *not* apply. The State, on the other hand, contends that Gordon's interpretation of the statute ignores its plain meaning.

Interpretation of a statute is a question of law over which this court exercises unlimited review. *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011).

Preliminarily, a domestic violence offense is an offense in which the offender commits "an act or threatened act of violence" against either the individual he or she is dating or against one of his or her family or household members. K.S.A. 2013 Supp. 21-5111(i), (j). The term also encompasses "any other crime committed against a person or against property" that is directed at either the person the offender is dating or one of his or her family or household members. K.S.A. 2013 Supp. 21-5111(i).

The Kansas Code of Criminal Procedure provides a special statutory designation for domestic violence offenses—a designation which carries with it a specific sentencing provision. K.S.A. 2013 Supp. 22-4616. The trier of fact is to make a determination in every criminal case as to whether the offense is one of domestic violence and therefore possibly subject to the domestic violence designation. Applying this designation is a multistep process and is best summarized as follows:

- If there is evidence in a criminal case that the offense in question is a domestic violence offense, the trier of fact shall determine whether the offense is indeed one of domestic violence.
- If that determination is made, the district court shall place a domestic violence designation on the case.
- If that designation is applied, the defendant shall be subject to a domestic violence assessment and shall follow its recommendations as

6

part of his or her sentence. K.S.A. 2013 Supp. 21-6604(p); K.S.A. 2013 Supp. 22-4616(a).

However, there is an exception that may prevent a case from receiving the domestic violence designation. If the district court finds on the record that the defendant has never before committed or entered into a diversion for a domestic violence offense and that the offense in question was not used "to coerce, control, punish, intimidate or take revenge against a person with whom the offender is involved or has been involved in a dating relationship or against a family or household member," the court shall not apply the designation. K.S.A. 2013 Supp. 22-4616(a)(2)(A), (B).

On appeal, Gordon does not dispute that the district court had authority under the statute to designate the offense a domestic violence offense. Instead, he argues the district court skipped an important procedural step before applying the designation. That step, Gordon argues, requires that the district court find on the record that the two conditions in K.S.A. 2013 Supp. 22-4616(a)(2) do *not* apply before placing the designation on the offense.

But Gordon's interpretation of the statute is an unreasonable one. The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). Such intent is ascertained from the statutory language enacted, giving common words their ordinary meanings. *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010). If the statute is plain and unambiguous, an "appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it." 291 Kan. at 216.

A close reading of the statute indicates that the language present in the disputed section is unambiguous. The statute clearly provides that once an offense is designated a

7

domestic violence offense, the designation is required unless the conditions in K.S.A. 2013 Supp. 22-4616(a)(2) apply. In other words, after the initial determination, the designation is the default and can only be lifted if the district court explicitly finds "on the record" that the two conditions are satisfied. Without those findings, the designation stands, and the offender is subject to the domestic violence assessment as set out in K.S.A. 2013 Supp. 21-6604(p). Nothing in the statute supports Gordon's argument that the legislature intended for the district court to consider the two conditions outlined in K.S.A. 2013 Supp. 22-4616(a)(2) and make a negative finding on the record if the conditions do *not* apply. Instead, the statute indicates that consideration of those conditions is the exception, not the rule. The court is not required to make findings on the record that the conditions outlined in K.S.A. 2013 Supp. 22-4616(a)(2) have *not* been satisfied. The statute is explicit and unambiguous in requiring specific findings on the record *only* when the conditions have been satisfied.

Moreover, although he objected to the lack of a negative finding, Gordon never argued to the district court that the exception in K.S.A. 2013 Supp. 22-4616(a)(2) applied in the instant case. The record clearly supports application of the designation. The factual basis for the plea, which Gordon did not object to, indicates that Schmeal and Gordon lived together in a domestic relationship and that Gordon hit Schmeal with a flashlight, causing her injury. The State orally proffered, without objection, that Gordon was on probation for domestic battery at the time of the current offense—which would clearly make the exception inapplicable. The court was not required under the statute to state on the record the reasons the exception did not apply.

*The district court was not required to submit Gordon's criminal history to a jury prior to sentencing.*

Gordon also argues that sentencing him based on his prior criminal history without submitting that history to a jury for proof beyond a reasonable doubt is unconstitutional

8

under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). However, he concedes that *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), controls on this issue. He makes no other arugment.

Because this issue is a question of law, this court exercises unlimited review. See 273 Kan. at 46. In *Ivory*, our Supreme Court analyzed the interplay between *Apprendi* and the use of a defendant's prior criminal history both by considering cases decided before *Apprendi* and by researching decisions from other states and federal courts. After considering these, the court decided that *Apprendi*'s mandate that facts other than prior convictions must be submitted to a jury and proved beyond a reasonable doubt does not apply to a defendant's criminal history score. *Ivory*, 273 Kan. at 46-47. Additionally, the court declined to treat prior convictions as essential elements that require a jury's decision. 273 Kan. at 47.

This court is obligated to follow our Supreme Court's precedent absent an indication that the court is departing from a prior position. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012). The court recently affirmed its reasoning in *Ivory*. See *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013). Since there is no indication that the court is departing from *Ivory*, it controls the outcome of this case. *Ivory* applies, and the use of Gordon's criminal history score in sentencing does not violate *Apprendi*.

Affirmed.

9