NOT DESIGNATED FOR PUBLICATION

No. 117,304

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAYMON L. HUNTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed December 8, 2017. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM:  Raymon L. Hunter appeals the district court's revocation of his probation and imposition of his underlying 24-month jail sentence for his convictions of two misdemeanor violations of a protection from abuse order. Finding no errors requiring reversal, we affirm.

FACTS

In February 2015, a jury found Hunter guilty of two counts of violation of a protection from abuse order. The jury found Hunter not guilty of one count of aggravated

1

assault with a deadly weapon, one count of battery, and one count of criminal threat. In April 2015, the district court sentenced Hunter to a 24-month jail term but granted him 12 months' probation. At sentencing, the State requested the district court apply a domestic violence designation to Hunter's convictions based on the facts presented at trial. Over defense counsel's objection, the district court designated Hunter's convictions domestic violence offenses.

Hunter's probation was conditioned, among other things, on him (1) reporting to the Court Services Office (CSO) as directed; (2) not engaging in any disorder, fight, assaultive activity, violence or threat of violence of any nature; and (3) obtaining a domestic violence assessment with a batterer's intervention program.

Prior to Hunter's current probation revocation on appeal, the district court revoked and reinstated Hunter to 12 months' probation three separate times. The first time, in August 2015, Hunter stipulated to violating his probation for failing to report to the CSO. The district court revoked Hunter's probation, sanctioned him for time served, and reinstated him to 12 months' probation. On a second occasion, in December 2015, Hunter stipulated to violating his probation for failing to report to the CSO. The district court revoked Hunter's probation, sanctioned him to serve 60 days in jail, and reinstated him to 12 months' probation. At a third probation violation hearing, in May 2016, Hunter stipulated to failing to report to the CSO and for failing to schedule a domestic violence assessment. The district court revoked Hunter's probation, sanctioned him to serve 30 days in jail, and reinstated him to 12 months' probation.

In September 2016, the State filed a fourth motion to revoke Hunter's probation alleging that he violated three conditions of probation (1) by failing to report to the CSO, (2) because of an arrest on a new battery charge, and (3) by failing to schedule his domestic violence assessment with the batterer's intervention program.

2

In October 2016, the district court held a hearing on the State's latest motion to revoke. Hunter contested the State's allegation that he failed to report to the CSO, arguing that he was incarcerated during the missed appointments. But Hunter stipulated to being arrested on a new battery charge and to failing to schedule his domestic violence assessment. Based on Hunter's stipulations, the district court found Hunter admitted to violating his probation. After hearing the parties' recommendations, the district court revoked Hunter's probation and imposed his underlying 24-month jail sentence.

Prior to this appeal, another panel of this court vacated the district court's designation of Hunter's misdemeanor convictions as domestic violence offenses. The panel found that the district court failed to follow the statutory procedures in K.S.A. 2015 Supp. 22-4616(a) which require the "trier of fact"—here the jury—to find that Hunter committed a domestic violence offense. Because the district court designated Hunter's convictions as domestic violence offenses at sentencing, the panel found the district court erred and vacated the domestic violence designations. *State v. Hunter*, No. 113,865, 2017 WL 383384, at *3-4 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. __ (August 31, 2017).

Hunter timely appeals the district court's orders of probation revocation.

ANALYSIS

Hunter asserts on appeal that the district court erred in revoking his probation and imposing his underlying 24-month jail sentence.

"Probation from serving a sentence under Kansas law is generally considered 'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right.'" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006) (quoting *State v. Lumley*, 267 Kan. 4, 8, 977 P.2d 914 [1999]). After the State

establishes a probation violation by a preponderance of the evidence, the decision to revoke probation is within the sound discretion of the court. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A court abuses its discretion only if (1) no reasonable person would take the view adopted by the trial court; (2) the decision is based on an error of law; or (3) the decision is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Hunter's appeal first contends that the district court abused its discretion in revoking his probation and imposing his underlying sentence without considering the intermediate sanctions under K.S.A. 2016 Supp. 22-3716(c)(1). Additionally, Hunter alleges the district court erred for failing to state the reasons for revocation with particularity before imposing his underlying jail sentence under K.S.A. 2016 Supp. 22-3716(c)(9).

Hunter's reliance on the revocation standard under K.S.A. 2016 Supp. 22-3716(c) is misplaced. Hunter was granted probation for his jail sentence based on two underlying misdemeanor convictions. Based on the statutory language, K.S.A. 2016 Supp. 22-3716(c) applies only when probation is granted for an underlying felony conviction. Specifically, K.S.A. 2016 Supp. 22-3716(c)(1) states: "[I]f the original crime of conviction was a felony . . . and a violation is established, the court may impose the following sanctions: . . . ." K.S.A. 2016 Supp. 22-3716(b)(3)(A) also expressly states: "[I]f the original crime of conviction was a felony . . . and a violation is established, the court may impose the violation sanctions as provided in (c)(1)." Because the district court granted Hunter probation based on two underlying misdemeanor convictions, the provisions Hunter cites as authority under K.S.A. 2016 Supp. 22-3716(c)(1) do not apply. See *State v. Zwickl*, No. 116,168, 2017 WL 2712945, at *2 (Kan. App. 2017) (unpublished opinion); *State v. Cunefare*, No. 115,371, 2017 WL 462645, at *3 (Kan. App. 2017) (unpublished opinion).

Instead, based on Hunter's underlying misdemeanor convictions, he is subject to the revocation standard in K.S.A. 2016 Supp. 22-3716(b)(3)(B). On finding an established probation violation, the district court has discretion to impose sanctions under K.S.A. 2016 Supp. 22-3716(b)(3)(B)(i) and (b)(3)(B)(ii) and then to reinstate probation. Or, on finding an established probation violation, the district court has discretion under K.S.A 2016 Supp. 22-3716(b)(3)(B)(iii) to revoke probation and impose the underlying sentence.

As applied to this appeal, the district court imposed intermediate sanctions under K.S.A. 2016 Supp. 22-3716(b)(3)(B)(i) and (b)(3)(B)(ii) and reinstated Hunter to probation in three prior probation revocations. At Hunter's fourth probation revocation hearing, Hunter stipulated to violating probation by (1) an arrest on a new battery charge, and (2) failing to schedule a domestic violence assessment. The district court found that based on his stipulations, Hunter admitted to violating probation. The district court then revoked Hunter's probation and imposed his underlying 24-month jail sentence. As stated above, because Hunter's underlying convictions are misdemeanors, the district court had clear authority under K.S.A. 2016 Supp. 22-3716(b)(3)(B)(iii) to do so.

Hunter's next contention on appeal is that his stipulated probation violation for his failure to schedule a domestic violence assessment is erroneous and requires this court to correct his sentence under K.S.A. 22-3504(2) because another panel of this court vacated the domestic violence designations in *Hunter*, 2017 WL 383384, at *3-4.

To address this issue, we must first determine if Hunter's claim qualifies as an illegal sentence. A court may correct an illegal sentence at any time, including for the first time on appeal. *State v. Reese*, 306 Kan. 279, 281, 393 P.3d 599 (2017). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which appellate courts have unlimited review. *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013). An illegal sentence is "'(1) a sentence imposed by a court without

5

jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" *State v. Warrior*, 303 Kan. 1008, 1009-10, 368 P.3d 1111 (2016) (quoting *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 [2015]). The Kansas Supreme Court has "'repeatedly held that K.S.A. 22-3504(1) has limited applicability.'" *Warrior*, 303 Kan. at 1010. To the extent this court must engage in statutory interpretation, we exercise unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Based on Hunter's arguments on appeal, he does not assert that his sentence was imposed without jurisdiction or that the district court imposed an ambiguous sentence. Rather, Hunter appears to argue that his sentence does not conform to the applicable statutory provision.

The Kansas Supreme Court has defined the term "statutory provision" as the statute defining the crime and assigning the category of punishment. *State v. Edwards*, 281 Kan. 1334, 1337, 135 P.3d 1251 (2006). Here, Hunter was convicted of two violations of a protection from abuse order under K.S.A. 2016 Supp. 21-5924(a)(1). K.S.A. 2016 Supp. 21-5924(b)(1) defines a violation of a protection from abuse order as a class A misdemeanor. At sentencing, the district court sentenced Hunter to a 24-month jail term but granted him 12 months' probation.

On appeal, Hunter does not challenge the character or term of the district court's sentence under K.S.A. 2016 Supp. 21-5924(b)(1). Instead, Hunter contends that his violation of the probation condition by failing to obtain a domestic violence assessment and participate in the batterers' intervention program is no longer a proper basis to support the execution of his underlying sentence in light of this court's deletion of the domestic violence designation on his convictions. But because Hunter does not challenge the "statutory provision" of his convictions, we cannot agree that he has brought a proper

challenge to his sentence as illegal within the meaning of the restrictive definition of an "illegal sentence" as established by our courts. See *Warrior*, 303 Kan. at 1010; *Edwards*, 281 Kan. at 1337.

Additionally, the provisions of K.S.A. 22-3504(2) do not appear to apply. K.S.A. 22-3504(2) permits the court to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission . . . at any time and after such notice, if any, as the court orders." On appeal, Hunter omits the word "clerical" from the K.S.A. 22-3504(2) quote included in his appellate brief. This omission proves important because K.S.A. 22-3504(2) expressly applies to a "clerical" mistake. Although Black's Law Dictionary does not provide a definition for "clerical mistake," it does define a related term, "clerical error," as "[a]n error resulting from a minor mistake or inadvertence and not from judicial reasoning or determination." Black's Law Dictionary 659 (10th ed. 2014). Here, the district court's special probation condition— that Hunter obtain a domestic violence assessment—clearly amounts to more than a clerical mistake in the district court's probation order.

The district court made the domestic violence assessment a part of Hunter's original conditions of probation. Other than a few statutorily required conditions, a district court has broad discretion to impose any probation condition that it deems proper. K.S.A. 2016 Supp. 21-6607(b) ("The court may impose any conditions of probation, suspension of sentence or assignment to a community correctional services program that the court deems proper"); *State v. Bennet*, 288 Kan. 86, 91, 200 P.3d 455 (2009). Generally, "[a] condition of probation will not be held invalid unless it (1) has no reasonable relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." *Lumley*, 267 Kan. at 14.

7

Under the statutory guidelines, it is mandatory for the district court to make a domestic violence assessment a part of a person's sentence when a conviction is designated a domestic violence offense. K.S.A. 2016 Supp. 22-4616(a); *State v. Gordon*, 50 Kan. App. 2d 1177, 1181, 337 P.3d 720 (2014). Specifically, K.S.A. 2016 Supp. 21-6604(p) states that if a conviction is designated a domestic violence offense, "the court shall require the defendant to:  (1) Undergo a domestic violence offender assessment conducted by a certified batterer intervention program; and (2) follow all recommendations made by such program, unless otherwise ordered by the court or the department of corrections."

It is true that the special condition in Hunter's probation order mirrors the special sentencing orders which must be imposed under K.S.A. 2016 Supp. 22-6604(p) when the domestic violence designation applies. It is also true that this language in the probation order was no longer *mandatory* following the invalidation of the domestic violation designations by our court in Hunter's prior appeal in this case. But the statutory language in K.S.A. 2016 Supp. 22-4616(a) and K.S.A. 2016 Supp. 21-6604(p) does not appear to limit a district court's discretion in imposing a domestic violence assessment as part of a defendant's probation conditions in convictions not designated domestic violence offenses. Therefore, under the district court's broad discretion in imposing probation conditions under K.S.A. 2016 Supp. 21-6607(b), we believe the district court acted properly and within its discretion by imposing a probation condition requiring a domestic violence assessment based on Hunter's two convictions for the violation of a protection from abuse order, even absent the domestic violence designation. In our view, the court's probation order is completely in accord with the *Lumley* standard that the condition must have a "reasonable relationship to the crime of which the offender was convicted." 267 Kan. at 14.

Because Hunter stipulated to failing to schedule or obtain a domestic violence assessment, the district court did not abuse its discretion in revoking Hunter's probation and imposing his underlying sentence under K.S.A. 2016 Supp. 22-3716(b)(3)(B)(iii).

Affirmed.