NOT DESIGNATED FOR PUBLICATION

No. 125,768

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY D. EDMOND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Submitted without oral argument. Opinion filed March 22, 2024. Affirmed.

*Larry D. Edmond*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., PICKERING, J., and TIMOTHY G. LAHEY, S.J.

PICKERING, J.:  This is an appeal following a series of other postconviction appeals. In this case, Larry D. Edmond, who had been convicted of serious violent crimes against his girlfriend, argues that the trial court should have instructed the jury to make the necessary findings that Edmond had committed domestic violence offenses. He claims that without this designation, the court lacked jurisdiction and he should receive a new trial. We are not swayed by Edmond's argument and affirm the district court's denial of his motion.

1

EDMOND'S PAST AND PRESENT APPELLATE CASES

In 2012, a jury convicted Edmond of attempted second-degree murder, aggravated kidnapping, robbery, and aggravated battery, for crimes committed in October 2011. For purposes of this appeal, we note that Edmond committed all but the robbery charge against the same victim, his live-in girlfriend at the time. At sentencing, the district court ordered all of Edmond's sentences to run concurrent for a controlling prison term of 586 months.

In the ensuing years, Edmond has challenged the legality of his convictions and resulting sentences several times. A short review of these postconviction actions provides a foundation for understanding the posture of this case.

Edmond first filed a direct appeal, raising several trial errors and challenging the use of his criminal history at sentencing. Another panel of this court affirmed his convictions and sentences in May 2014. *State v. Edmond*, No. 109,617, 2014 WL 2402001, at *12 (Kan. App. 2014) (unpublished opinion). The Kansas Supreme Court denied a petition for review, and the mandate issued in July 2015.

In May 2014, while his direct appeal was pending, Edmond filed a pro se motion to correct illegal sentence, basing his argument on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*Murdock I*), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). Edmond argued that the district court erred in characterizing his pre-1993 Kansas conviction as a person felony for criminal history purposes, which the district court summarily denied. Edmond appealed. Another panel of this court affirmed the denial in an order summarily disposing of the appeal under *Keel. State v. Edmond*, No. 113,336 (order filed November 25, 2015).

In May 2019, Edmond filed a second pro se motion to correct illegal sentence, arguing that the district court erred in calculating his criminal history score based on the Kansas Supreme Court's decision in the second *Murdock* case, *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*). The district court denied the motion, and another panel of this court summarily affirmed that ruling in March 2020. *State v. Edmond*, No. 121,901 (order filed March 5, 2020).

In April 2020, Edmond filed two pro se motions—one which he characterized as an "Emergency Motion to Correct Illegal Sentence"—arguing that the COVID pandemic rendered his prison sentence unreasonable and illegal. Later that same month, Edmond filed an amended motion to correct illegal sentence, arguing his convictions were invalid because the most severe crime he could have been convicted of was domestic battery. The district court denied relief. On appeal, a panel of this court affirmed, finding that Edmond could not challenge his underlying convictions in a motion to correct an illegal sentence. *State v. Edmond*, No. 123,087, 2021 WL 4352534, at *2 (Kan. App. 2021) (unpublished opinion).

While that appellate case was pending, Edmond filed the pro se motion that is the subject of this appeal. Edmond's motion, purportedly filed "pursuant to K.S.A. 22-3504(b)," requested the district court enter "an order Nunc Pro Tunc designating his case a domestic violence case as required by K.S.A. 22-4616(a)," asserting that the evidence and the jury's verdict supported a domestic violence designation. The motion added that without such designation, "the court will have operated without subject matter jurisdiction over the subject matter for its lack of strict compliance with K.S.A. 22-4616. Cf. *Harris v. Christy*, 166 Kan. 395, 400, 201 P.2d 1067 (1949)."

The State responded to Edmond's motion, arguing he was not entitled to relief because the case was not charged as a domestic violence offense and the jury had not made a finding that Edmond committed a domestic violence offense. The State also

argued that any error was harmless because Edmond suffered no prejudice by not having a domestic violence designation on his case and, alternatively, that a nunc pro tunc order was not an appropriate remedy because there were no clerical errors or omissions to correct. The district court summarily denied Edmond's motion in July 2021, adopting the reasoning and legal conclusions stated in the State's response.

Edmond then moved pro se for additional findings of fact and conclusions of law under K.S.A. 2021 Supp. 60-252 and Supreme Court Rule 165 (2021 Kan. S. Ct. R. at 230) or, in the alternative, to alter or amend the judgment under K.S.A. 2021 Supp. 60-259(f). Expanding on the arguments made in his original motion, Edmond added that the district court's failure to give a domestic violence instruction to the jury deprived the court of subject matter jurisdiction and violated due process.

The State responded, asking the district court to deny Edmond's motion as successive and under the doctrine of res judicata. The State also contended that Edmond failed to show that the civil statutes cited in his motion applied to his criminal case. The district court summarily denied Edmond's motion.

EDMOND ARGUES THE DISTRICT COURT ERRED IN FAILING TO INSTRUCT THE JURY

On appeal, Edmond abandons his nunc pro tunc argument made in his original motion. Instead, he continues with his expanded argument that the district court's failure to give a domestic violence instruction to the jury deprived the court of subject matter jurisdiction and violated due process.

Essentially, Edmond is appealing the district court's failure to seek a domestic violence designation under K.S.A. 2011 Supp. 22-4616 for his crimes that involved his live-in girlfriend. After consideration of the proper standard of review, we agree with the State and find that our standard of review is unlimited because interpretation of K.S.A.

4

2011 Supp. 22-4616 is a question of law. See *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022).

*Failing to instruct the jury to consider a domestic violence designation does not invalidate the underlying convictions.*

Edmond contends that his convictions are invalid because the district court engaged in improper judicial fact-finding to determine that he did not commit a domestic violence offense. In response, the State agrees that a domestic violence designation might have been proper if the jury had been asked to make that determination but contends Edmond cites no authority to show that failing to request a domestic violence designation somehow invalidates the underlying convictions.

The relevant statute is K.S.A. 2011 Supp. 22-4616(a), which states: "On and after July 1, 2011, in all criminal cases, if there is evidence that the defendant committed a domestic violence offense, the trier of fact shall determine whether the defendant committed a domestic violence offense." See K.S.A. 2011 Supp. 21-5111(i) and (j) (defining "'[d]omestic violence'" and "'[d]omestic violence offense'").

Once a determination of a domestic violence offense has been made, the statute then provides that "the court shall place a domestic violence designation on the criminal case and the defendant shall be subject to the provisions of subsection (p) of K.S.A. 21-6604." K.S.A. 2011 Supp. 22-4616(a)(1); see K.S.A. 2011 Supp. 21-6604(p) (requiring district to order "the defendant to undergo a domestic violence offender assessment and follow all recommendations unless otherwise ordered by the court or the department of corrections."). The statute further provides that the court need not place a domestic violence designation on the case if certain exceptions apply, including when "[t]he defendant has not previously committed a domestic violence offense or participated in a diversion upon a complaint alleging a domestic violence offense" and "the domestic

5

violence offense was not used to coerce, control, punish, intimidate or take revenge against a person with whom the offender is involved or has been involved in a dating relationship or against a family or household member." K.S.A. 2011 Supp. 22-4616(a)(2).

In *State v. Gordon*, 50 Kan. App. 2d 1177, 337 P.3d 720 (2014), another panel of this court addressed a defendant's due process challenge based on the district court applying the domestic violence designation without making specific findings that no exceptions applied. In that case, the defendant entered a plea agreement, and the court agreed to apply a domestic violence designation at the State's request and over the defendant's objection. The panel upheld the court's order on appeal, rejecting the defendant's argument that the district court needed to make specific findings that the exceptions in K.S.A. 2013 Supp. 22-4616(a)(2) did not apply. *Gordon*, 50 Kan. App. 2d at 1183.

In reaching that conclusion, the panel held that the proper procedure to apply a domestic violence designation is as follows:  (1) The trier of fact must "determine whether the offense is indeed one of domestic violence; (2) if that determination is made, the district court shall place a domestic violence designation on the case"; and (3) if the court applies the designation, "the defendant shall be subject to a domestic violence assessment and shall follow its recommendations as part of his or her sentence." 50 Kan. App. 2d 1177, Syl. ¶ 2. Another panel of this court later extended *Gordon* to hold that K.S.A. 2014 Supp. 22-4616 does not require a district court to make specific findings ruling out an exception following a jury's determination that a domestic violence designation should apply. *State v. Larsson*, No. 111,233, 2015 WL 1782672, at *4 (Kan. App. 2015) (unpublished opinion).

Likewise, in this case, the jury—the trier of fact—did not determine that Edmond committed a domestic violence offense. As explained by the State, this is because the case was not designated as a domestic violence offense by either the State or the district

court. As such, the jury—the trier of fact—did not make such a finding. In fact, the State agrees that a domestic violence designation might have been proper if the jury had been asked to make that determination. But the failure not to designate a crime as a domestic violence crime does not somehow invalidate the underlying convictions.

Edmond provides no authority holding that a defendant can use K.S.A. 2022 Supp. 22-3504(b)—which merely allows for correction of arithmetic or clerical errors in a journal entry of judgment—to attack his convictions. Failure to support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is comparable to failing to brief the issue. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

*Even if the district court did err, the remedy is not to vacate Edmond's convictions and remand for a new trial.*

As stated above, in terms of remedy, Edmond seeks to reverse his convictions and remand for a new trial. He asserts that due to the district court's own finding that Edmond's crimes should not have a domestic violence designation, the district court lacked jurisdiction and violated his due process. Edmond, however, fails to provide support for this assertion that the court did make such a finding.

Although dealing with a different type of sentencing enhancement, the Kansas Supreme Court's decision in *State v. Obregon*, 309 Kan. 1267, 1276-78, 444 P.3d 331 (2019), outlines the appropriate remedy here. There, the defendant pled no contest to drug offenses, and the district court imposed a six-month sentencing enhancement at sentencing after finding that the defendant possessed a firearm while committing the offenses. On appeal, another panel of this court vacated the firearm enhancement because the defendant had not validly waived his right to have a jury make that determination. The panel's chosen remedy was to remand the case to the district court so the defendant

could either be properly advised of his right to a jury trial or to have a jury decide the factual bases for the enhancement. *State v. Obregon*, No. 117,422, 2018 WL 911215, at *3 (Kan. App. 2018) (unpublished opinion).

The Kansas Supreme Court granted a petition for review and rejected the panel's choice of remedy based on the general prohibition in Kansas law against special jury verdicts in criminal cases. *Obregon*, 309 Kan. at 1277. Instead, because the district court had already entered its judgment of conviction—and because "the Legislature has not created a statutory exception to the general rule against special verdicts for a firearm enhancement to be determined separately after the verdict"—our Supreme Court held that the appropriate remedy was to remand for resentencing *without the firearm enhancement*. 309 Kan. at 1278.

In *State v. Hunter*, No. 113,865, 2017 WL 383384 (Kan. App. 2017) (unpublished opinion), another panel of this court determined a similar remedy as *Obregon*. In that case, the district court made the domestic violence designation after failing to instruct the jury on that point. Because the district court—who was not the trier of fact—determined that the defendant had committed a domestic violence offense, the panel vacated the domestic violence designation. *Hunter*, 2017 WL 383384, at *4. As a result, like the defendant in *Obregon*, there was no enhancement added to the defendant's sentence.

Importantly, both *Obregon* and *Hunter* explain what the consequence of the district court's failure to instruct the jury to make a finding should be here:  Edmond should be sentenced without the enhancement triggered by a domestic violence designation. Because that is what already occurred, there is no need for correction. Edmond suffered no prejudice by not having a domestic violence designation on his case. Any error was harmless.

Additionally, as the State points out, Edmond provides no authority to support his assertion that failing to instruct the jury to consider whether he committed a domestic violence offense somehow invalidates his convictions or deprives the district court of subject matter jurisdiction. Accordingly, we find Edmond has abandoned the issue for improper briefing. See *Meggerson*, 312 Kan. at 246.

To conclude, we find that the district court did not err in denying Edmond's modified motion, wherein he asserted that the district court should have instructed the jury regarding a domestic violence designation. Accordingly, we affirm the district court's ruling.

Affirmed.