IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,524

STATE OF KANSAS,
*Appellee*,

v.

ALESIA WARRIOR,
*Appellant*.

SYLLABUS BY THE COURT

A motion to correct illegal sentence under K.S.A. 22-3504(1) is an improper procedural vehicle for a constitutional claim.

Appeal from Wyandotte District Court; MICHAEL GROSKO, judge. Opinion filed March 11, 2016. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, argued the cause and was on the brief for appellant.

*Sheryl L. Lidtke*, chief deputy district attorney, argued the cause, and *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Defendant Alesia Warrior appeals the district court judge's denial of her motion to correct what she argues is her illegal hard 50 life sentence.

1

In 2008, Warrior was convicted by a jury of first-degree murder and conspiracy to commit first-degree murder of her husband, Jeremy. The sentencing judge imposed the hard 50 after finding that two aggravating factors existed—Warrior committed the crime for the purpose of receiving money and employed another person to commit the crime— and that the factors outweighed any mitigating factors.

We affirmed Warrior's convictions and sentence on direct appeal on May 11, 2012. *State v. Warrior*, 294 Kan. 484, 277 P.3d 1111 (2012). We summarily rejected her argument that the hard 50 was unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), an argument we had rejected in numerous other cases. 294 Kan. at 515 (citing, *e.g.*, *State v. McCaslin*, 291 Kan. 697, 729-30, 245 P.3d 1030 [2011]).

On June 17, 2013, the United States Supreme Court issued its decision in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 2163, 186 L. Ed. 2d 314 (2013), which held that "a person's right to a jury trial under the Sixth Amendment to the United States Constitution requires that any fact increasing a mandatory minimum sentence for a crime must be proved to a jury beyond a reasonable doubt." *State v. Warren*, 302 Kan. 601, 622-23, 356 P.3d 396 (2015) (discussing *Alleyne*). Within 3 months, our legislature convened a special session and enacted a new statute governing Kansas' hard 50 sentencing procedure. See K.S.A. 2013 Supp. 21-6620.

Warrior filed a motion to correct illegal sentence approximately 2 months later, on November 18, 2013, invoking K.S.A. 22-3504(1), which empowers the court to "correct an illegal sentence at any time."

The district judge denied Warrior's motion on alternative bases. First, the district judge correctly observed that no Kansas appellate court had yet applied *Alleyne* to declare

2

the hard 50 sentencing statute under which Warrior was sentenced unconstitutional. Second, the judge concluded that *Alleyne* should not be applied retroactively to cases that were final at the time it was decided.

The first basis for the district judge's denial of Warrior's motion evaporated on April 11, 2014, when we held that the hard 50 statute in effect when Warrior was sentenced

> "violates the Sixth Amendment to the United States Constitution as interpreted in *Alleyne v. United States,* 570 U.S. ____, 133 S. Ct. 2151, 2155, 2160-63, 186 L. Ed. 2d 314 (2013), because it permits a judge to find by a preponderance of the evidence the existence of one or more aggravating factors necessary to impose an increased mandatory minimum sentence, rather than requiring a jury to find the existence of the aggravating factors beyond a reasonable doubt." *State v. Soto*, 299 Kan. 102, Syl. ¶ 9, 322 P.3d 334 (2014).

Ordinarily this would lead us to examine the soundness of the district judge's second basis for his decision. But today we need not decide the extent to which the holding of *Alleyne* should be applied retroactively to cases that were final before it was decided, because our precedent firmly establishes that Warrior has employed the wrong procedural vehicle to advance her constitutional challenge.

Under K.S.A. 22-3504(1), an "illegal" sentence is

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' *State v. Trotter,* 296 Kan. 898, 902, 295 P.3d 1039 (2013)." *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

3

We have "'repeatedly held that K.S.A. 22-3504(1) has very limited applicability.'" *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 (2013). And it does not cover a claim that a sentence violates a constitutional provision. *State v. Mitchell*, 284 Kan. 374, 376-77, 162 P.3d 18 (2007) (declining to address merits of double jeopardy, equal protection, Eighth Amendment challenges to sentence).

Because Warrior's motion to correct an illegal sentence is not an appropriate procedural vehicle to challenge the constitutionality of the procedures used to impose her hard 50 life sentence, we affirm the district court's denial of her motion.