Per Curiam:
Daniel Paul Glaze appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Glaze's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded and requests that the district court's judgment be affirmed.
On December 23, 2016, Glaze pled no contest to one count of unlawful possession of marijuana, a felony. On February 24, 2017, the district court sentenced Glaze to 34 months' imprisonment but granted a dispositional departure to probation for 18 months to be supervised by community corrections.
At a hearing on November 9, 2018, Glaze admitted to violating the conditions of his probation on many grounds, including the use of illegal drugs and being unsuccessfully discharged from inpatient treatment. Glaze asked for reinstatement to probation and further drug treatment, but the district court revoked his probation and ordered him to serve his original sentence, finding that probation had been granted as the result of a dispositional departure. Glaze timely appealed.
On appeal, Glaze claims the district court "abused its discretion by ordering the sentence served when sanctions remained a viable alternative and [he] demonstrated a need for additional drug treatment." But he concedes that the district court did not have to consider an intermediate sanction in this instance because his probation was originally granted as the result of a dispositional departure.
The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. State v. Gumfory , 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. State v. Mosher , 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. State v. Stafford , 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See State v. Still , No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).
Here, the district court showed leniency to Glaze by granting a dispositional departure to probation. The record reflects that Glaze had a prior probation violation for which he received a three-day jail sanction. As Glaze concedes, the district court did not have to consider another intermediate sanction in this instance because his probation was originally granted as the result of a dispositional departure. K.S.A. 2018 Supp. 22-3716(c)(9)(B). Glaze may have showed a need for additional drug treatment, but he failed to take advantage of the chances he was given. The district court's decision to revoke Glaze's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Glaze has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original prison sentence.
Finally, Glaze asserts a constitutional claim that the district court "erred in imposing a greater penalty [based on his criminal history score] that was not charged in the complaint and proved to a jury beyond a reasonable doubt." But Glaze did not timely appeal his sentence imposed on February 24, 2017. See K.S.A. 2018 Supp. 22-3608(c) ; State v. Ineklaar , 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding that defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence), rev. denied 286 Kan. 1183 (2008). And a claim that a sentence violates a constitutional provision does not make the sentence illegal within the meaning of K.S.A. 2018 Supp. 22-3504, allowing it to be corrected at any time. State v. Warrior , 303 Kan. 1008, 1010, 368 P.3d 1111 (2016). Because Glaze did not timely appeal his sentence, this court lacks jurisdiction to address his sentencing issue. But even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Glaze's position in State v. Ivory , 273 Kan. 44, 46-47, 41 P.3d 781 (2002).
Affirmed in part and dismissed in part.