NOT DESIGNATED FOR PUBLICATION

No. 120,589

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRELL J. PARKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed September 27, 2019. Affirmed in part and dismissed in part.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Terrell J. Parker appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Parker's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded and asks us to affirm the district court's judgment.

On September 28, 2018, Parker pled guilty to one count of aggravated battery and one count of misdemeanor battery. On November 6, 2018, the district court imposed a controlling term of 25 months' imprisonment and granted probation for 24 months.

At a hearing on December 14, 2018, Parker admitted to violating the conditions of his probation by committing the new crime of possession of a controlled substance.

1

Parker asked the district court to reinstate his probation. The district court found that Parker committed a new crime while on probation and that the imposition of an intermediate sanction would jeopardize public safety and not serve Parker's welfare, so the court revoked Parker's probation and ordered him to serve his original sentence. Parker timely appealed.

On appeal, Parker claims the district court "abused its discretion by imposing the prison sentence when sanctions remained a viable alternative." He concedes that the district court can bypass intermediate sanctions when a defendant commits a new crime while on felony probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

As Parker concedes, the district court did not have to impose an intermediate sanction here because he committed a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). The district court also found that imposing an intermediate sanction would jeopardize public safety and not serve Parker's welfare, and he does not challenge the sufficiency of this finding on appeal. See K.S.A. 2018 Supp. 22-3716(c)(9)(A). Parker was only on probation for a few weeks before he committed a new

felony crime. The district court's decision to revoke Parker's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Parker has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original prison sentence.

Finally, Parker asserts a constitutional claim that the district court "erred in imposing a greater penalty [based on his criminal history score] that was not charged in the complaint and proved to a jury beyond a reasonable doubt." But Parker did not timely appeal his sentence imposed on November 6, 2018. See K.S.A. 2018 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding that defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence), *rev. denied* 286 Kan. 1183 (2008). And a claim that a sentence violates a constitutional provision does not make the sentence illegal within the meaning of K.S.A. 2018 Supp. 22-3504, allowing it to be corrected at any time. *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016). Because Parker did not timely appeal his sentence, this court lacks jurisdiction to address his sentencing issue. But even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Parker's position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Affirmed in part and dismissed in part.