NOT DESIGNATED FOR PUBLICATION

Nos. 120,740
120,764
120,765

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORDAN MYCHAEL LEFFEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed December 13, 2019. Affirmed.

*Shawnah K. Corcoran*, of Strongpoint Law, of South Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD BURGER, C.J., LEBEN and SCHROEDER, JJ.

PER CURIAM: Jordan Leffel faced eight charges for his role in three armed robberies during the spring of 2015. The State first brought those charges as one criminal case, but when Leffel refused to testify against his codefendants, the State refiled the charges as three separate cases. Pleading guilty in three cases—instead of one—increased Leffel's criminal-history score, which also increased his presumptive sentences under the sentencing guidelines. Leffel now asks this court to decide whether the prosecutor's conduct violated his constitutional right to due process and, if so, whether that makes Leffel's sentences illegal.

But in the appeal now before us, Leffel initially raised these arguments in a motion to correct an illegal sentence. An illegal-sentence motion has narrow applicability, and a defendant may not file one based on a constitutional challenge to the sentence. We therefore affirm the district court's denial of his motion.

FACTUAL AND PROCEDURAL BACKGROUND

Leffel took part in three separate armed robberies in 2015. After he was arrested, the State charged him with three counts of robbery, three counts of burglary, and two counts of kidnapping. It first chose to bring those eight charges as part of a single criminal case. But the prosecutor later refiled the charges as three separate cases—one for each armed robbery. According to Leffel, the State did that because he refused to testify against his codefendants. Leffel then pleaded guilty in all three cases, and the State amended the kidnapping charges to misdemeanors.

The effect of the State bringing three cases, instead of one, was that Leffel's presumptive sentences changed. Under our state's sentencing guidelines, a presumptive sentence is based on the current offense and the extent of a defendant's past offenses (condensed into a criminal-history score ranging from A, the most serious, to I, the least serious). The greater the defendant's criminal-history score, the greater the presumptive sentence for the current offense.

For Leffel, this meant that his presumptive sentences increased. When all of Leffel's charges were in one criminal case, his criminal-history score was an F, based on two juvenile convictions. But when the State spread the charges out across three cases, the guilty plea in each case counted towards Leffel's criminal-history score in the other two cases. As a result, Leffel's criminal-history score at sentencing had risen to an A, the most serious score.

2

Under the guidelines, the presumptive sentencing range in each case was between 221 and 247 months in prison. The district court imposed 233-month sentences in each case and ran each sentence concurrently (serving all sentences at the same time) rather than consecutively (serving each sentence in sequence). Leffel appealed his sentences, but our Supreme Court summarily dismissed that appeal because the appellate courts don't have jurisdiction to review sentences that fall within the presumptive range under the guidelines, as Leffel's did.

Representing himself, Leffel then filed a motion to correct an illegal sentence under K.S.A. 22-3504. In it, Leffel argued that the State refiled the charges—thereby increasing his sentences—because he refused to testify against other people involved in the robberies. That decision, he said, amounted to prosecutorial misconduct and violated his constitutional due-process rights. As a result, he asserted, his sentences were illegal.

The district court denied his motion. Although the court criticized the State's decision to refile, it said that charging decisions are left to the prosecutor's discretion. Leffel now appeals that decision, this time with the aid of a court-appointed attorney.

ANALYSIS

Leffel argues that the district court erred when it summarily denied his motion to correct an illegal sentence. Leffel argues that his sentences are unconstitutional and, thus, illegal. His motion in the district court specifically said that the sentences were unconstitutional because the State's decision to refile his charges violated his constitutional due-process rights.

But the Kansas Supreme Court has noted the limited nature of what may be challenged on a motion to correct an illegal sentence: (1) a sentence imposed by a court

3

that lacks jurisdiction; (2) a sentence that doesn't conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Warrior*, 303 Kan. 1008, 1009-10, 368 P.3d 1111 (2016). This narrow definition means that defendants can't use a motion to correct an illegal sentence to challenge their sentences on constitutional grounds: "A motion to correct illegal sentence under K.S.A. 22-3504(1) is an improper procedural vehicle for a constitutional claim." 303 Kan. 1008, Syl.

Leffel's motion raises only one claim—that his sentences are illegal because the State's charging decisions violated his due-process rights. That is a constitutional argument and thus doesn't fall within the narrow limits of an illegal-sentence motion. So we must affirm the district court's denial of Leffel's illegal-sentence motion.

We affirm the district court's judgment.