NOT DESIGNATED FOR PUBLICATION

No. 121,280

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN GREG HASKELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed March 13, 2020. Affirmed in part and dismissed in part.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Justin Greg Haskell appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Haskell's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On February 1, 2017, Haskell pled guilty to one count of burglary. On April 20, 2017, the district court sentenced Haskell to 34 months' imprisonment but granted a dispositional departure to probation for 24 months to be supervised by community corrections. Haskell did not timely appeal his sentence.

1

At a hearing on May 3, 2019, the district court found that Haskell had violated the conditions of his probation by failing to obey the law, failing to report to his supervisor, and using illegal drugs. The district court revoked Haskell's probation and ordered him to serve his original sentence. Haskell timely appealed.

On appeal, Haskell claims the district court "abused its discretion in ordering him to serve the underlying sentence instead of reinstating probation." Haskell argues that while it is clear that he initially struggled on probation, it is also clear that he had made recent progress in complying with the conditions of his probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Haskell concedes, the district court did not have to impose an intermediate sanction because his probation was originally granted as the result of a dispositional departure. See K.S.A. 2019 Supp. 22-3716(c)(7)(B). Also, Haskell violated his probation by failing to obey the law. See K.S.A. 2019 Supp. 22-3716(c)(7)(C). The district court's decision to revoke Haskell's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Haskell has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his sentence.

Finally, Haskell asserts that the district court violated his constitutional rights at sentencing by "using his prior criminal history, without putting it to a jury and proving it

beyond a reasonable doubt." But Haskell did not timely appeal his sentence imposed on April 20, 2017. See K.S.A. 2019 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding that defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence), *rev. denied* 286 Kan. 1183 (2008). And a claim that a sentence violates a constitutional provision does not make the sentence illegal within the meaning of K.S.A. 2019 Supp. 22-3504, allowing it to be corrected at any time. *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016). Because Haskell did not timely appeal his sentence, this court lacks jurisdiction to address his sentencing issue. But even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Haskell's position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Affirmed in part and dismissed in part.