NOT DESIGNATED FOR PUBLICATION

No. 121,636

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HAYWARD MCKOY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed September 25, 2020. Sentence vacated and case remanded with directions.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., BUSER and POWELL, JJ.

POWELL, J.: Hayward McKoy pled no contest to possession of methamphetamine, and the district court imposed the standard presumptive prison sentence for that conviction according to McKoy's criminal history score. McKoy now appeals, arguing for the first time that his criminal history score was incorrectly calculated because it was based on two prior convictions of criminal threat under K.S.A. 2016 Supp. 21-5415, a portion of which the Kansas Supreme Court has held to be unconstitutionally overbroad. See *State v. Boettger*, 310 Kan. 800, 822, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020). Because we find the record insufficient to determine if McKoy's criminal

1

history score was properly calculated, we must vacate his sentence and remand this case to the district court for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, McKoy pled no contest to one count of possession of methamphetamine. McKoy's presentence investigation (PSI) report calculated his criminal history score as A, based in part upon three misdemeanor assault convictions from 2015 which were converted into a single person felony and two 2017 convictions of criminal threat, also person felonies. Prior to sentencing, McKoy filed a motion challenging his criminal history score on the grounds that his three assault convictions could not be converted into a single person felony as they were more than three years old. See K.S.A. 2019 Supp. 21-6811(a). He also sought in his motion both a dispositional and durational departure at sentencing. He did not challenge the inclusion of his two criminal threat convictions in his criminal history.

At McKoy's sentencing on June 26, 2019, the parties agreed McKoy's prior misdemeanor assault convictions could not be aggregated into a single person felony and his criminal history score should instead be calculated as B. The district court agreed. After denying McKoy's departure motion, the district court sentenced him to 34 months' imprisonment, the standard presumptive sentence.

McKoy timely appeals.

ANALYSIS

For the first time on appeal, McKoy argues his sentence is illegal because a district court is prohibited from using a prior conviction that has "since been determined unconstitutional by an appellate court" to calculate an offender's criminal history score.

2

See K.S.A. 2019 Supp. 21-6810(d)(9). He asserts the PSI is insufficient to establish his prior criminal threat convictions fall under the intentional version of criminal threat instead of the unconstitutional reckless version of criminal threat.

Whether a sentence is illegal is a question of law over which we exercise unlimited review. *State v. Fowler*, 311 Kan. 136, 139, 457 P.3d 927 (2020).

K.S.A. 2018 Supp. 21-5415(a)(1) prohibits any threat to

> "[c]ommit violence communicated with intent to place another in fear, or to cause the evacuation, lock down or disruption in regular, ongoing activities of any building, place of assembly or facility of transportation, *or in reckless disregard of the risk* of causing such fear or evacuation, lock down or disruption in regular, ongoing activities." (Emphasis added.)

The Kansas Supreme Court held the "reckless disregard" portion of the criminal threat statute to be unconstitutionally overbroad because it encompassed more than true threats and thus potentially punished constitutionally protected speech. *Boettger*, 310 Kan. at 822.

McKoy's PSI merely indicates he was twice convicted of K.S.A. 2016 Supp. 21-5415, not whether the convictions were for intentional or reckless criminal threat. If McKoy was convicted of reckless criminal threat, then his convictions could not included in his criminal history because they would be unconstitutional. See *State v. Johnson*, 310 Kan. 835, 842, 450 P.3d 790 (2019); *State v. Murdock*, 309 Kan. 585, 591-92, 439 P.3d 307 (2019) ("[A] party may seek and obtain the benefit of a change in the law during the pendency of a direct appeal."). Moreover, because McKoy's criminal history score of B is principally based upon his two 2017 convictions of criminal threat, which are person felonies, had these convictions not been included in his criminal history, McKoy's

3

criminal history score would have been E, resulting in a lower presumptive sentence. See K.S.A. 2019 Supp. 21-6805; K.S.A. 2019 Supp. 21-6809.

The State bears the burden of proving a defendant's criminal history by a preponderance of the evidence. *State v. Obregon*, 309 Kan. 1267, Syl. ¶ 4, 444 P.3d 331 (2019). Typically, a PSI will satisfy the State's burden when a defendant does not object to the inclusion of an offense in his criminal history. K.S.A. 2019 Supp. 21-6814(b); *Obregon*, 309 Kan. at 1275. However, "more is required when the summary does not indicate which version" of an offense a defendant has committed, even when there is no objection. 309 Kan. at 1275. When the record on appeal does not contain substantial competent evidence to support a district court's classification of a prior conviction or, as in this case, the inclusion of a prior conviction in an offender's criminal history, a remand is required to allow the district court to determine the propriety of including the prior conviction in the offender's criminal history. See *State v. Ewing*, 310 Kan. 348, 359-60, 446 P.3d 463 (2019); *Obregon*, 309 Kan. at 1275-76.

McKoy did not challenge including his two 2017 prior convictions of criminal threat in his criminal history. As a result, it would be our normal practice not to consider such an issue raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, under K.S.A. 2019 Supp. 22-3504(a), an illegal sentence may be corrected at any time while a defendant is serving the sentence, including when the issue is raised for the first time on appeal. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015) (*Dickey I*). An illegal sentence is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served." K.S.A. 2019 Supp. 22-3504(c)(1); see *State v. Warrior*, 303 Kan. 1008, 1009-10, 368 P.3d 1111 (2016).

Here, McKoy asserts his sentence is illegal because it does not conform to the applicable statutory provisions of K.S.A. 2019 Supp. 21-6810(d)(9), which prohibits a district court from including any prior conviction in an offender's criminal history that has been declared unconstitutional. McKoy further argues there is insufficient information in the PSI to determine if his two prior criminal threat convictions are constitutional given the Kansas Supreme Court's holding in *Boettger*, 310 Kan. at 822. We agree.

Because it is unclear from the PSI if McKoy was previously convicted of a crime that is now considered unconstitutional, we must remand for the State to meet its burden of proving whether each criminal threat conviction was properly included in his criminal history in accordance with *Boettger*, 310 Kan. at 822, and *Obregon*, 309 Kan. at 1275.

We vacate McKoy's sentence and remand the case to the district court to determine if McKoy was convicted of the now unconstitutional offense of reckless criminal threat. If on remand the district court finds the criminal history score incorrect, it may resentence McKoy. If the district court finds the criminal history score correct, it is directed to reimpose McKoy's original sentence.

Sentence vacated and case remanded for further proceedings.