NOT DESIGNATED FOR PUBLICATION

Nos. 121,542
121,543

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUCAS JULIUS ARNOLD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed September 25, 2020. Sentence vacated and case remanded with directions.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., BUSER and POWELL, JJ.

POWELL, J.: Lucas Julius Arnold pled guilty to several crimes in two cases, and the district court imposed guideline prison sentences consistent with his criminal history score. Arnold now appeals and argues for the first time that his criminal history score was incorrectly calculated because it was based, in part, on a conviction of criminal threat, a portion of which the Kansas Supreme Court has held to be unconstitutionally overbroad. See *State v. Boettger*, 310 Kan. 800, 822, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020). Because we find the record insufficient to determine if Arnold's criminal

history score was properly calculated, we vacate his sentences and remand this case to the district court for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Arnold pled guilty to identity theft, forgery, and theft in one case, and possession of methamphetamine in another. Arnold's presentence investigation (PSI) report for both cases calculated his criminal history score as B, based upon two prior person felonies: a 2007 conviction for fleeing or attempting to elude law enforcement and a 2010 conviction for criminal threat.

At the sentencing hearing on June 27, 2019, Arnold did not object to the PSI's calculation of his criminal history score or the inclusion of his criminal threat conviction in his criminal history. The district court accepted the PSI recommended criminal history score of B and, after denying Arnold's departure motion, sentenced Arnold to guideline sentences of 32 months' imprisonment in his possession of methamphetamine case and 18 months' imprisonment in his identity theft case, to be served consecutively.

Arnold timely appeals.

ANALYSIS

For the first time, Arnold argues his sentence is now illegal because, under K.S.A. 2019 Supp. 21-6810(d)(9), a district court is prohibited from using a prior conviction that has "since been determined unconstitutional by an appellate court" to calculate a criminal history score. He asserts the PSI in this case is insufficient to establish which version of criminal threat forms the basis for his prior conviction—intentional or reckless. Therefore, he asks us to remand the case and require the State to prove by a

2

preponderance of the evidence that his 2010 conviction for criminal threat was not for unconstitutional reckless criminal threat.

Whether a sentence is illegal is a question of law over which we exercise unlimited review. *State v. Fowler*, 311 Kan. 136, 139, 457 P.3d 927 (2020).

K.S.A. 2018 Supp. 21-5415(a)(1) prohibits any threat to

> "[c]ommit violence communicated with intent to place another in fear, or to cause the evacuation, lock down or disruption in regular, ongoing activities of any building, place of assembly or facility of transportation, *or in reckless disregard of the risk* of causing such fear or evacuation, lock down or disruption in regular, ongoing activities." (Emphasis added.)

The Kansas Supreme Court held the "reckless disregard" portion of the criminal threat statute to be unconstitutionally overbroad because it encompassed more than true threats and thus potentially punished constitutionally protected speech. *Boettger*, 310 Kan. at 822.

Arnold's PSI assigned him a criminal history score of B based in part on a prior 2010 conviction for criminal threat, a person felony. Had this conviction not been used to calculate his criminal history score, Arnold's criminal history score would have been C, which would have reduced his presumptive sentence. See K.S.A. 2019 Supp. 21-6804; K.S.A. 2019 Supp. 21-6805; K.S.A. 2019 Supp. 21-6809. Parenthetically, we note the PSI lists Arnold's criminal threat conviction as a violation of "K.S.A. 21-3417(a)(1)." However, as the State concedes, this is an error as the listed statute criminalized attempted poisoning and was repealed in 1993. See K.S.A. 1992 Supp. 21-3417; Repealed, L. 1993, ch. 291, § 283, eff. July 1, 1993. Given there is no dispute this prior conviction was for criminal threat, we assume Arnold was convicted of K.S.A. 2010 Supp. 21-3419(a)(1), which, at the time of his conviction, was the criminal threat statute,

3

although the record on appeal does not definitively establish the statute under which he was convicted.

The State bears the burden of proving a defendant's criminal history by a preponderance of the evidence. *State v. Obregon*, 309 Kan. 1267, Syl. ¶ 4, 444 P.3d 331 (2019). Typically, a PSI will satisfy the State's burden when a defendant does not object to the inclusion of an offense in his criminal history. K.S.A. 2019 Supp. 21-6814(b); *Obregon*, 309 Kan. at 1275. However, "more is required when the summary does not indicate which version" of an offense a defendant has committed, even when there is no objection. 309 Kan. at 1275. When the record on appeal does not contain substantial competent evidence to support a district court's classification of a prior conviction or, as in this case, the inclusion of a prior conviction in an offender's criminal history, a remand is required to allow the district court to determine the propriety of including the prior conviction in the offender's criminal history. See *State v. Ewing*, 310 Kan. 348, 359-60, 446 P.3d 463 (2019); *Obregon*, 309 Kan. at 1275-76.

Arnold did not challenge the inclusion of his 2010 conviction of criminal threat in his criminal history. As a result, it would be our normal practice not to consider such an issue raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, under K.S.A. 2019 Supp. 22-3504(a), an illegal sentence may be corrected at any time while a defendant is serving the sentence, including when the issue is raised for the first time on appeal. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015) (*Dickey I*). An illegal sentence is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served." K.S.A. 2019 Supp. 22-3504(c)(1); see *State v. Warrior*, 303 Kan. 1008, 1009-10, 368 P.3d 1111 (2016).

Here, Arnold asserts his sentences are illegal because they do not conform to the applicable statutory provisions of K.S.A. 2019 Supp. 21-6810(d)(9), which prohibits a district court from including any prior conviction in an offender's criminal history that has been declared unconstitutional. Arnold further argues there is insufficient information in the PSI to determine if his prior criminal threat conviction is constitutional given the Kansas Supreme Court's holding in *Boettger*, 310 Kan. at 822. We agree.

Because it is unclear from the PSI if Arnold was previously convicted of a crime that is now considered unconstitutional, we must remand for the State to meet its burden of proving whether the criminal threat conviction was properly included in his criminal history in accordance with *Boettger*, 310 Kan. at 822, and *Obregon*, 309 Kan. at 1275.

We vacate Arnold's sentences and remand the case to the district court to determine if Arnold was convicted of the now unconstitutional offense of reckless criminal threat. If on remand the district court finds the criminal history score incorrect, it may resentence Arnold on those counts made illegal by the incorrect criminal history score. If the district court finds the criminal history score correct, it is directed to reimpose Arnold's original sentences.

Sentences vacated and case remanded for further proceedings.

5