NOT DESIGNATED FOR PUBLICATION

No. 121,998

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TY CHANDLER CHENAULT,
*Appellant.*


MEMORANDUM OPINION


Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed November 25, 2020. Sentence vacated and case remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*W. Brad Sutton*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.


POWELL, J.: After Ty Chandler Chenault stipulated to violating the terms and conditions of his probation in three cases, the district court revoked his probation and ordered him to serve his underlying sentences in all of them. Chenault now appeals the sentence in one case, arguing the sentence is illegal because the district court incorrectly classified his prior theft, interference with law enforcement, and burglary juvenile adjudications. Because the record is unclear as to how Chenault's prior adjudications should be classified, we must vacate Chenault's sentence and remand the case to the district court to properly determine the classifications of Chenault's prior adjudications.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2018 and 2019, Chenault entered pleas in four separate cases in Saline County.

In his first case, 18 CR 254, Chenault pled guilty to possession of methamphetamine, a severity level 5 drug felony. The presentence investigation (PSI) report classified his prior juvenile adjudications, in relevant part, as follows: a burglary adjudication as a person felony, two theft adjudications as nonperson felonies, and two interference with law enforcement adjudications as nonperson felonies. These classifications led the district court to calculate his criminal history score to be C, to which Chenault did not object. Due to this criminal history score, the district court sentenced Chenault on October 1, 2018, to a presumptive sentence of 36 months in prison but placed him on probation from that sentence for 18 months.

In his second case, 18 CR 963, Chenault entered a no-contest plea to one count of criminal deprivation of property, a class A nonperson misdemeanor. The district court sentenced Chenault to 6 months in the county jail but placed him on probation from that sentence for 12 months. This conviction triggered a violation of his probation in 18 CR 254, resulting in the district court imposing a two-day intermediate jail sanction in that case.

In his third case, 19 CR 106, Chenault pled no contest to two counts each of theft and criminal use of a financial card, all class A nonperson misdemeanors. The district court sentenced Chenault to 12 months in the county jail but placed him on probation from that sentence for 12 months. This conviction led to a second violation of Chenault's probation in 18 CR 254, prompting the district court to impose a 120-day intermediate prison sanction in that case.

2

Finally, in his fourth case, 19 CR 428, as part of a plea agreement with the State, Chenault pled guilty to one count of attempted burglary of a motor vehicle, a severity level 10 nonperson felony. Chenault also stipulated to violating the conditions of his probation in his three prior cases in exchange for the State recommending the district court modify his jail sentences in his second and third cases to run concurrent to his 36-month prison sentence in 18 CR 254. The district court found Chenault in violation of his probation and revoked his probation in all three cases. Consistent with the plea agreement, the district court ordered Chenault to serve a modified controlling sentence of 36 months' imprisonment.

The district court consolidated Chenault's first, second, and third cases in which his probation was revoked. Chenault now timely appeals.

## DID THE DISTRICT COURT ERR IN DETERMINING CHENAULT'S CRIMINAL HISTORY SCORE?

On appeal, Chenault does not challenge the revocation of his probation; rather, he challenges the determination of his criminal history score at his original sentencing in 18 CR 254. Because his criminal history score only affects the sentence in 18 CR 254, his felony case, we only consider his challenge to that sentence. See K.S.A. 2019 Supp. 21-6602 (misdemeanor sentences); K.S.A. 2019 Supp. 21-6802(c) (sentencing guidelines applicable to felony crimes); K.S.A. 2019 Supp. 21-6809 (criminal history score); *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed deemed waived or abandoned). Thus, we affirm his sentences in 18 CR 963 and 19 CR 106.

Specifically, Chenault argues there was insufficient evidence presented to the district court to support the classification of his prior two interference with law enforcement adjudications as felonies, his prior two theft adjudications as felonies, and his prior burglary adjudication as a person offense.

3

In response, the State argues that Chenault has not met his burden on appeal to designate a record showing error. The State successfully added the journal entries from Chenault's prior adjudications to the record on appeal despite the documents not being produced before the district court. Given this, it argues remand is unnecessary because these documents show the district court correctly classified Chenault's prior adjudications.

Classification of prior offenses for criminal history purposes involves statutory interpretation, which is a question of law subject to unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

Chenault did not raise a challenge to his criminal history before the district court. Typically, appellate courts will not consider issues raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, under K.S.A. 2019 Supp. 22-3504(a), an illegal sentence may be corrected at any time, including when raised for the first time on appeal. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015) (*Dickey I*). An illegal sentence is: "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" *State v. Warrior*, 303 Kan. 1008, 1009-10, 368 P.3d 1111 (2016); see K.S.A. 2019 Supp. 22-3504(c)(1). A sentence imposed due to an incorrect criminal history score would be a sentence that does not conform to the applicable statutory provisions.

Chenault's PSI report assigned him a criminal history score of C based on one prior person felony: a 2014 adjudication for burglary. Had this adjudication been scored as a nonperson felony, Chenault's criminal history score would have been reduced, which would have reduced his presumptive sentence. See K.S.A. 2017 Supp. 21-6804; K.S.A.

2017 Supp. 21-6809. Additionally, if Chenault's four other adjudications scored as nonperson felonies—two for interference with law enforcement and two for theft—were instead scored as misdemeanors, his criminal history score would be reduced. See K.S.A. 2017 Supp. 21-6804; K.S.A. 2017 Supp. 21-6809.

The State bears the burden of proving an offender's criminal history by a preponderance of the evidence. *State v. Obregon*, 309 Kan. 1267, Syl. ¶ 4, 444 P.3d 331 (2019). Ordinarily, a PSI report satisfies the State's burden to prove an offender's criminal history when a defendant does not object to the inclusion of an offense in his or her criminal history. K.S.A. 2019 Supp. 21-6814(b); *Obregon*, 309 Kan. at 1275. However, "more is required when the summary does not indicate which version" of an offense a defendant has committed, even when there is no objection. 309 Kan. at 1275. When the record on appeal does not contain substantial competent evidence to support a district court's classification of a prior conviction, a remand is required to allow the district court to determine if the prior offense or adjudication was properly classified. See *State v. Ewing*, 310 Kan. 348, 359-60, 446 P.3d 463 (2019); *Obregon*, 309 Kan. at 1275-76. While *Obregon* applied these principles to prior out-of-state convictions, other panels of this court have applied them to the classification of prior Kansas convictions. See *State v. Louis*, 59 Kan. App. 2d ___, ___, ___ P.3d ___, 2020 WL 6243249, at *8 (2020); *State v. McKoy*, No. 121,636, 2020 WL 5739730, at *2 (Kan. App. 2020) (unpublished opinion); *State v. Arnold*, No. 121,542, 2020 WL 5740900, at *2 (Kan. App. 2020) (unpublished opinion). We agree those principles apply here.

The State argues Chenault failed to designate a record on appeal because he did not object to his criminal history score before the district court and, therefore, the record contains no facts regarding his prior Kansas adjudications. But the State carries the burden to designate a record proving a defendant's criminal history score, not Chenault. See *Obregon*, 309 Kan. at 1275. Thus, we will address the merits of Chenault's claim. See *State v. Alvarado*, No. 121,575, 2020 WL 4379121, at *2 (Kan. App. 2020)

(unpublished opinion) (refusing to find appellant failed to designate record on appeal by failing to object to criminal history score before district court and his failure to object meant State did not present any evidence regarding appellant's prior convictions before district court).

Chenault's criminal history score was determined to be C based on the following entries on his PSI report: (1) a 2016 nonperson felony adjudication of interference with law enforcement-obstruction of official duty, in violation of K.S.A. 21-5904; (2) a 2016 nonperson felony theft adjudication, in violation of K.S.A. 21-5801; (3) a second 2016 nonperson felony adjudication of interference with law enforcement-obstruction of official duty, in violation of K.S.A. 21-5904; (4) a 2016 nonperson misdemeanor possession of marijuana adjudication, which is not contested; (5) a 2014 person felony burglary adjudication, in violation of K.S.A. 21-5807; and (6) a 2014 nonperson felony theft adjudication, in violation of K.S.A. 21-5801. The PSI report does not indicate under which subsection of each statute Chenault was adjudicated.

In March 2018, when Chenault committed his current crime of conviction, the interference with law enforcement and theft statutes all contained alternative means of committing these crimes, some of which were misdemeanors and some of which were felonies. See *State v. Keel*, 302 Kan. 560, 573, 357 P.3d 251 (2015) (holding Kansas Sentencing Guidelines Act instructs prior convictions or adjudications are to be classified at time of current crime of conviction). An individual can be convicted or adjudicated of either felony or misdemeanor interference with law enforcement depending on if the interference related to a misdemeanor or felony offense. See K.S.A. 2017 Supp. 21-5904(b). Similarly, K.S.A. 2017 Supp. 21-5801(b) provides that an individual may be convicted or adjudicated of felony or misdemeanor theft depending on the value of the property or services stolen and the number of the defendant's prior theft convictions. Yet Chenault's PSI report does not indicate under which subsections of K.S.A. 2017 Supp. 21-5904 and K.S.A. 2017 Supp. 21-5801 he was adjudicated for his two prior

6

interference with law enforcement and two prior theft crimes. A PSI report lacking such information does not provide substantial competent evidence to support the district court's classifications of these four prior adjudications. See *Obregon*, 309 Kan. at 1275.

Likewise, K.S.A. 2017 Supp. 21-6811(d) requires that a prior burglary adjudication be classified as a person felony if the prior adjudication was for a burglary of a dwelling under K.S.A. 2017 Supp. 21-5807(a)(1). Burglaries of nondwellings are classified as nonperson felonies. K.S.A. 2017 Supp. 21-6811(d)(2). But Chenault's PSI report does not state whether his prior burglary adjudication was for burglary of a dwelling or a nondwelling. It simply lists the adjudication as under "21-5807." Again, a PSI report lacking such information does not provide substantial competent evidence to support the district court's classification of this adjudication as a person felony. See *Obregon*, 309 Kan. at 1275. Thus, it would appear a remand is required.

However, the State attempts to avoid a remand by pointing us to its requested additions to the record on appeal, which consisted of the journal entries for Chenault's prior adjudications. It asserts the additions were made without Chenault's objection so a remand of the case may be avoided. We can appreciate the State's desire to avoid a remand for what may appear at first blush to be a time consuming and perfunctory resentencing before the district court. Unfortunately, while these additions were apparently successfully made to the record on appeal, we cannot consider them. See *State v. Brownlee*, 302 Kan. 491, 504-05, 354 P.3d 525 (2015).

In *Brownlee*, the State attempted to overcome speedy trial issues by adding a relevant warrant and its accompanying report to the record on appeal. The Kansas Supreme Court interpreted its own rules and held it could not properly consider the added documents because they were incorrect additions to the record as they did not qualify as part of the "'the entire record.'" 302 Kan. at 505. The *Brownlee* court came to this conclusion through the following analysis. Kansas Supreme Court Rules 3.01 and 3.02

7

(2020 Kan. S. Ct. R. 19) provide the authority for adding documents or other items to the record on appeal. Under Rule 3.01(b)(2): "An appellate court may, on its own, order that additional parts of *the entire record* be filed." (Emphasis added.) (2020 Kan. S. Ct. R. 19). Rule 3.02(d) provides that "[a] party may request adding to the record on appeal any part of *the entire record* under Rule 3.01(a)." (Emphasis added.) (2020 Kan. S. Ct. R. 21). Rule 3.01(a) defines the "entire record" as all original papers and exhibits filed in the district court, the court reporter's notes and transcripts of proceedings, any other court authorized record of the proceedings, and the entries on the appearance docket. (2020 Kan. S. Ct. R. 19). Here, as in *Brownlee*, the journal entries the State added to the record on appeal were not among the original papers filed in the district court and thus do not qualify as part of the entire record under Rules 3.01 and 3.02.

As Chenault's PSI report is lacking the critical information of which subsections he was adjudicated under for his prior crimes at issue, the classifications for those prior adjudications are not supported by substantial competent evidence. Thus, a remand is necessary.

We vacate Chenault's sentence in 18 CR 254 and remand the case to the district court to determine if the contested adjudications were properly classified. If the adjudications were not properly classified, Chenault must be resentenced accordingly under his corrected criminal history score. If the adjudications were properly classified, the district court is ordered to reimpose the original sentence of 36 months in prison.

Sentence vacated and case remanded with directions.