NOT DESIGNATED FOR PUBLICATION

No. 123,132

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD DEAN HELLER II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed June 11, 2021. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before POWELL, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Richard Dean Heller II appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Heller's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has filed no response.

Heller pled guilty to single counts of robbery, possession of methamphetamine with intent to sell, criminal possession of a firearm by a felon, and criminal carrying of a weapon for crimes committed in September 2017. On February 9, 2018, the district court sentenced Heller to a controlling term of 136 months' imprisonment but granted his

1

motion for a dispositional departure to probation for 36 months to be supervised by community corrections. Heller did not appeal his sentence.

Heller was unsuccessful on probation. Without detailing the entire history, the record shows that Heller admitted to violating the conditions of his probation at least four separate times, mostly for using methamphetamine. He received 3-day and 60-day intermediate jail sanctions and also a 120-day prison sanction. Along the way, the district court gave Heller many chances to complete substance abuse treatment.

In September 2019, the State filed another motion to revoke Heller's probation. This time, the State alleged that Heller admitted to using methamphetamine the previous month; he failed to report to his intensive supervision officer on July 17, August 14, August 21, and August 28, 2019; he was unsuccessfully discharged from a mental health class for failure to arrange to make up classes he missed; he failed to attend outpatient substance abuse treatment as directed; and he engaged in illegal activity on July 12, 2019, by driving while suspended with no liability insurance, failing to stop at a red light, failing to give information, and leaving the scene of an injury accident.

At a hearing on October 17, 2019, Heller admitted the violations but again asked for reinstatement to probation. After hearing arguments of counsel, the district court reviewed Heller's many failures on probation and observed that he "was on Community Corrections because of a departure." Considering the history of the case, the district court revoked Heller's probation and ordered him to serve his original sentence. Heller timely appealed the probation revocation.

On appeal, Heller claims the district court "abused its discretion in denying [his] request for reinstatement [to probation] because [he] demonstrated a need for inpatient drug treatment." But he concedes the district court could bypass additional intermediate

2

sanctions because his probation was originally granted as the result of a dispositional departure.

The procedure for revoking a defendant's probation is governed by K.S.A. 2020 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court showed leniency to Heller by granting a dispositional departure to probation. The record reflects that Heller had committed several prior probation violations and had received intermediate sanctions for the violations. As Heller concedes, the district court did not have to consider another intermediate sanction here because his probation was originally granted as the result of a dispositional departure. See K.S.A. 2020 Supp. 22-3716(c)(7)(B). Heller also admitted to committing new crimes while on probation including driving while suspended with no liability insurance, but the district court did not rely on this particular ground in revoking the probation. Heller may have shown a need for more drug treatment, but he failed to take advantage of the chances he was given. The district court's decision to revoke Heller's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Heller has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original prison sentence, and we affirm the district court.

Finally, Heller asserts a constitutional claim that the district court "erred in imposing a greater penalty [based on his criminal history score] that was not charged in the complaint and proven to a jury beyond a reasonable doubt." But Heller did not timely

3

appeal his sentence imposed on February 9, 2018. See K.S.A. 2020 Supp. 22-3608(c) ("For crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal."); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding notice of appeal timely only as to probation revocation; does not allow for appeal of original sentence). And a claim that a sentence violates a constitutional provision does not make the sentence illegal under K.S.A. 2020 Supp. 22-3504. *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016). Because Heller did not timely appeal his sentence, this court lacks jurisdiction to address his sentencing issue, and we dismiss this part of Heller's appeal. But even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Heller's position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Affirmed in part and dismissed in part.