NOT DESIGNATED FOR PUBLICATION

No. 123,592

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TEILL S. REYNOLDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Opinion filed August 27, 2021. Affirmed.

*Teill Reynolds*, appellant pro se.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., ISHERWOOD, J., and MCANANY, S.J.

PER CURIAM: Teill Reynolds was convicted of two counts of rape under K.S.A. 21-3502(a)(2) (sexual intercourse with a child who is under 14 years of age). Rape as described in K.S.A. 21-3502(a)(2) is a severity level 1 person felony unless the offender is 18 years of age or older, in which case it is an off-grid person felony. Reynolds was 18 or more years old at the time of the crimes. Accordingly, he was sentenced to concurrent, off-grid, hard 25 life sentences under Jessica's Law. Reynolds moved to correct what he claimed were illegal sentences, arguing that he should have been given on-grid severity level 1 sentences. But the district court appropriately denied relief because Reynolds committed the off-grid version of rape. Accordingly, we affirm.

1

In its third amended information, the State charged Reynolds with committing two counts of rape under K.S.A. 21-3502(a)(2) and misdemeanor battery under K.S.A. 21-3412. The State specified that the two rape charges were off-grid person felonies because the victim was under the age of 14 and Reynolds was 18 or more years old.

The jury found Reynolds guilty on all counts. Reynolds' criminal history score was G. For the rape convictions, the district court sentenced Reynolds to off-grid, concurrent hard 25 life sentences.

Since his sentencing, Reynolds has filed numerous motions and several appeals as detailed in *Reynolds v. State*, No. 119,374, 2019 WL 5280795 (Kan. App. 2019) (unpublished opinion), *rev. denied* 311 Kan. 1046 (2020). In *Reynolds*, Reynolds contended his sentence was illegal, the same contention we address today. The court in that earlier appeal rejected Reynolds' claim, noting that the charging document specified that he "committed the off-grid person felony offense of rape of a child under 14 years old and he was 18 years old or older at the time of the offenses." 2019 WL 5280795, at *6.

Reynolds then filed his current motion, arguing that his off-grid sentence was illegal because his crime of conviction was an on-grid offense. The district court denied the motion, holding that Reynolds' arguments were "either entirely incorrect or impossible to discern." The district court noted that Reynolds was clearly "charged with two counts of rape, both explicitly characterized in the information as a '(Rape, Off Grid, Person Felony)'."

Reynolds' current pro se appeal followed.

2

As the State notes, Reynolds has failed to adhere to almost every briefing requirement in Kansas Supreme Court Rule 6.02 (2021 Kan. S. Ct. R. 35). While we could dismiss the appeal under Kansas Supreme Court Rule 5.05(a) (2021 Kan. S. Ct. R. 33), because of the straightforwardness of the issue we choose to address it.

Reynolds makes the same argument on appeal as he did before the district court. Essentially, he argues that his sentence is illegal because it "does not conform to the applicable statutory provision, either in character or punishment." See K.S.A. 2020 Supp. 22-3504(c)(1). In our de novo review under the standard stated in *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018), it is clear to us that Reynolds is wrong.

Reynolds was charged under K.S.A. 21-3502(a)(2), which defined rape as "sexual intercourse with a child who is under 14 years of age." K.S.A. 21-3502(c) states that a rape under (a)(2) is an off-grid person felony when the offender is 18 years of age or older. Reynolds received the statutorily correct off-grid life sentences.

Reynolds also argues that his sentence is unconstitutional. However, a motion to correct an illegal sentence "is an improper procedural vehicle for a constitutional claim." *State v. Warrior*, 303 Kan. 1008, Syl., 368 P.3d 1111 (2016). Accordingly, we do not consider it.

Affirmed.