IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,781

STATE OF KANSAS,
*Appellee*,

v.

GORDON R. MARTIS,
*Appellant.*

SYLLABUS BY THE COURT

A defendant cannot use a motion to correct an illegal sentence to raise a constitutional claim.

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Submitted without oral argument September 12, 2024. Opinion filed October 11, 2024. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, was on the brief for appellant.

*Nicholas Campbell*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Gordon Martis filed his third motion to correct an illegal sentence, arguing his hard 40 sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The district court summarily denied the motion as successive, given the procedural history, but the better view is to deny the motion as an improper procedural vehicle for a constitutional claim. See *State v. Warrior*,

1

303 Kan. 1008, Syl., 368 P.3d 1111 (2016). We affirm the district court judgment on that basis. See *State v. Ruiz*, 317 Kan. 669, 670, 538 P.3d 828 (2023) (affirming district court on different grounds).

FACTUAL AND PROCEDURAL BACKGROUND

In 1999, Martis carried out a deadly shooting in a parking lot near a nightclub in Wyandotte County, targeting an occupied vehicle. A jury found Martis guilty of one count each of first-degree premeditated murder, second-degree murder, attempted first-degree premeditated murder, and attempted second-degree murder. He received an enhanced hard 40 sentence for the first-degree murder conviction, which required judicial fact-finding of aggravating circumstances under K.S.A. 21-4635 (Furse 1995).

In his direct appeal, Martis asserted this sentence violated *Apprendi*, 530 U.S. at 490, which requires a jury find any fact, other than a prior conviction, that increases a crime's penalty beyond the statutory maximum. His appeal was denied under *State v. Conley*, 270 Kan. 18, 33, 11 P.3d 1147 (2000) (Kansas' hard 40 sentencing scheme is valid under *Apprendi*). *State v. Martis*, 277 Kan. 267, 297-98, 83 P.3d 1216 (2004).

In 2014, Martis filed his first motion to correct an illegal sentence, claiming his sentence was illegal under *Alleyne v. United States*, 570 U.S. 99, 108, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (extending *Apprendi* to mandatory minimum sentences). The district court denied his motion, reasoning *Alleyne* did not apply retroactively. In 2017, Martis submitted his second motion, claiming his sentence was illegal under *State v. Soto*, 299 Kan. 102, 124, 322 P.3d 334 (2014). The district court again denied—this time for improper procedure.

Undeterred, Martis filed this third motion in 2023, arguing his sentence violated the Sixth Amendment of the United States Constitution. He urged the district court to consider a Hawaii Supreme Court case, *Flubacher v. State*, 142 Haw. 109, 119, 414 P.3d 161 (2018) (applying *Apprendi* to invalidate Hawaii's "extended term" sentences). The district court summarily denied his motion for two reasons. First, the court noted Martis was "barred from filing the same claim in a second or successive motion to correct an illegal sentence . . . unless subsequent developments in the law shine new light on the original question of whether the sentence was illegal when pronounced." See *State v. Murdock*, 309 Kan. 585, 592, 439 P.3d 307 (2019) (setting "a threshold burden to prove that a subsequent development in the law undermines the earlier merits determination"). Second, the court reiterated *Alleyne* does not apply retroactively. See *State v. Coleman*, 312 Kan. 114, Syl. ¶ 2, 472 P.3d 85 (2020).

Martis directly appeals the district court's decision to this court. Jurisdiction is proper. See K.S.A. 22-3601(b)(3); *State v. Richardson*, 314 Kan. 132, 145, 494 P.3d 1280 (2021).

THIS MOTION IS PROCEDURALLY BARRED

An appellate court applies a de novo standard of review to a district court's summary denial of a motion to correct an illegal sentence. *State v. Juiliano*, 315 Kan. 76, 79, 504 P.3d 399 (2022).

Martis argues his third motion is not successive because the Hawaii Supreme Court's *Flubacher* decision sheds "new light on the original question of whether the sentence was illegal when pronounced." See *Murdock*, 309 Kan. at 592 (holding a development in the law may retroactively render a legal sentence illegal). But that is not

3

the determinative question. *Coleman* makes clear a sentence imposed in violation of *Alleyne* does not fall within K.S.A. 22-3504's definition of an "illegal sentence." *Coleman*, 312 Kan. at 120.

We affirm the district court on a different basis—use of an improper procedural vehicle. A court should not reach the merits of a motion when there is a procedural bar.

Judgment of the district court is affirmed.