NOT DESIGNATED FOR PUBLICATION

No. 122,848

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEROME E. LEWIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed April 30, 2021. Affirmed.

*Mark Sevart*, of Derby, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and BUSER, JJ.

PER CURIAM: Jerome E. Lewis appeals the denial of his motion to correct an illegal sentence. Lewis claims his sentence imposed on remand in 2017 was illegal because the district court was vindictive in the resentencing by imposing the aggravated number in the sentencing guidelines grid box as punishment for Lewis' successful exercise of his right to appeal. Because a motion to correct an illegal sentence under K.S.A. 22-3504 is not the proper procedural vehicle to present this argument, we affirm the district court's denial of the motion.

1

FACTUAL AND PROCEDURAL BACKGROUND

Lewis pled guilty to statutory rape in 1996. He was sentenced to 692 months' imprisonment. Lewis appealed, arguing the district court erred by denying his motion to withdraw his guilty plea and in imposing the presumptive sentence. Our court rejected the arguments, and the Kansas Supreme Court declined review. See *State v. Lewis*, 27 Kan. App. 2d 134, 998 P.2d 1141, *rev. denied* 269 Kan. 938 (2000) (*Lewis I*).

In 2007, Lewis filed a pro se motion to correct an illegal sentence. He contended a prior conviction for burglary should not have been included in his criminal history score. The district court summarily dismissed Lewis' motion, he appealed, and our court affirmed. *State v. Lewis*, No. 99,180, 2008 WL 4849677 (Kan. App. 2008) (unpublished opinion) (*Lewis II*).

In 2013, Lewis filed another motion to correct an illegal sentence, arguing once again that a prior burglary conviction should not have been included in his criminal history score. The district court denied the motion, our court affirmed, but our Supreme Court summarily reversed and remanded Lewis' case for resentencing in compliance with *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016) (*Dickey II*), and *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*).

On remand, Lewis moved for a downward durational departure. The district court denied Lewis' motion. After modifying Lewis' criminal history score by excluding the prior burglary conviction, the district court resentenced him to 356 months' imprisonment—the aggravated value in the applicable sentencing grid box. Lewis appealed. Our court affirmed in part and dismissed in part. *State v. Lewis*, No. 118,548, 2018 WL 4840299 (Kan. App. 2018) (unpublished opinion) (*Lewis III*).

In 2019, Lewis filed his latest motion to correct an illegal sentence pursuant to K.S.A. 22-3504—which is the subject of this appeal. In the motion, Lewis argued that the district court vindictively punished him for successfully exercising his right to appeal when it resentenced him to the aggravated number in the applicable grid box. The district court denied the motion to correct an illegal sentence, ruling that "[n]o presumption of vindictiveness applies because defendant's sentence *decreased* upon resentencing." (Emphasis added.) The district court also noted that Lewis offered "nothing more than conclusory statements that the sentencing judge was vindictive" and, therefore, failed to meet his burden to show actual vindictiveness.

Lewis timely appeals.

ANALYSIS

On appeal, Lewis reprises the vindictiveness argument he made in the district court. Lewis' contention is premised on the fact that he initially received the *mitigated* number in the applicable grid box—692 months, when his criminal history score was calculated as B—but on remand he received the *aggravated* number—356 months—in the applicable grid box when his criminal history score was recalculated as C. Lewis contends that but for the sentencing court's vindictiveness, he should have received the mitigated number in the C grid box and been given a 322-month sentence. Lewis alleges the district judge punished him for his successful sentencing appeal.

The State responds that Lewis' claim is procedurally barred by the doctrines of res judicata and law of the case. Alternatively, the State argues that Lewis' claim lacks merit. We agree with the State that Lewis' claim is barred. However, because we find a motion to correct an illegal sentence brought under K.S.A. 22-3504 is not the proper vehicle for Lewis' claim of judicial vindictiveness, we decline to address the State's grounds for procedural bars while predicating our holding on a separate basis.

3

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law subject to our unlimited review. *State v. Donahue*, 309 Kan. 265, 267, 434 P.3d 230 (2019). K.S.A. 2020 Supp. 22-3504(a) permits a court to "correct an illegal sentence at any time while the defendant is serving such sentence." But a sentence is only illegal under K.S.A. 2020 Supp. 22-3504(c)(1) if the sentence: (1) was imposed by a court lacking jurisdiction; (2) does not conform to statutory provisions in character or term of punishment authorized; or (3) is ambiguous with regard to the time and manner it is to be served. *State v. McAlister*, 310 Kan. 86, 89, 444 P.3d 923 (2019).

As is readily apparent, Lewis' vindictiveness argument does not implicate any of the three aspects of an illegal sentence that may be remedied under K.S.A. 2020 Supp. 22-3504. He does not challenge the district court's jurisdiction to impose the sentence. He does not contend the latest sentence failed to conform to any statutory provisions, and he does not claim any ambiguity regarding the time and manner by which the sentence is to be served. In short, Lewis' claim of error does not fall within the ambit of K.S.A. 2020 Supp. 22-3504. On the other hand, as we noted in *Lewis III*, 2018 WL 4840299, at *1, and as the district court found in ruling upon the motion, Lewis received a presumptive sentence which properly conformed to the revised Kansas Sentencing Guidelines Act. See K.S.A. 2020 Supp. 21-6801 et seq.

Additionally, Lewis' vindictiveness claim is predicated on the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Citing *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989), Lewis asserted in his motion that "[f]or the District Court to pronounce a vindictive sentence violates appellant[']s constitutional rights." In *Pearce*, the United States Supreme Court addressed the implications of an increased sentence following a successful appeal and held that due process of law requires that vindictiveness against a

defendant for having successfully attacked his or her conviction may not play a role in the sentence imposed. 395 U.S. at 725.

A claim of constitutional error in sentencing, however, is not appropriately raised in a motion to correct an illegal sentence under K.S.A. 22-3504. Our Supreme Court "has long held the plain language of this narrow statutory definition does not include a claim that the sentence is illegal because it violates a constitutional provision." *State v. Hayes*, 312 Kan. 865, 868, 481 P.3d 1205 (2021). Moreover, our Supreme Court has "'repeatedly held that K.S.A. 22-3504(1) has very limited applicability.'" *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016) (quoting *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 [2013]). For all these reasons, Lewis' motion to correct an illegal sentence under K.S.A. 22-3504 is not an appropriate vehicle to present his vindictive sentencing claim.

For the first time on appeal, Lewis also suggests that "[p]erhaps the judge was impacted at the remand sentencing by the unsubstantiated claims made by the prosecutor . . . that the [rape] victim said there had been some contact [by Lewis] when she turned 18." Lewis raises this claim of error as a violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution and due process of law.

Lewis did not raise this issue in his motion to correct an illegal sentence filed in the district court. This failure is important because constitutional grounds for reversal asserted for the first time on appeal are not properly before an appellate court for review. There are some exceptions to this general rule. See *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019) (stating exceptions), but Lewis has not claimed that any exception applies.

Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 35) requires an appellant to explain why an issue that was not raised below should be considered for the first time on

5

appeal. 309 Kan. at 995. In *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015), and *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), our Supreme Court warned that Supreme Court Rule 6.02(a)(5) would be strictly enforced, and litigants who failed to comply with this rule risked a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). This issue is waived or abandoned.

Finally, as discussed earlier in the context of vindictiveness, constitutional claims do not fall within the purview of motions to correct illegal sentence under K.S.A. 22-3504. *Hayes*, 312 Kan. at 868.

For all the reasons discussed, we hold the district court did not err in denying Lewis' third motion to correct an illegal sentence.

Affirmed.