NOT DESIGNATED FOR PUBLICATION

No. 123,290

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK WAYNE ROGERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed June 18, 2021. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., POWELL and WARNER, JJ.

PER CURIAM: Patrick Wayne Rogers appeals the district court's revocation of his probation and the imposition of his underlying prison sentence. We granted Rogers' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has not responded. After a review of the record, we affirm in part and dismiss in part.

Pursuant to a plea agreement with the State, Rogers pled no contest to committing attempted theft in March 2019, a severity level 10 nonperson felony. At the sentencing hearing on April 20, 2020, the district court found Rogers' criminal history score to be C

1

and sentenced him to a presumptive sentence of 9 months in prison but granted him probation from that sentence for 12 months.

The State sought to revoke Rogers' probation on May 27, 2020, alleging that he had committed new crimes, including burglary and theft. At his probation violation hearing held on September 14, 2020, the State presented evidence that Rogers had stolen a pickup truck and multiple items inside. After hearing this evidence, the district court found Rogers had violated the terms and conditions of his probation by committing new crimes. As a result, the district court revoked Rogers' probation and imposed his underlying prison sentence.

Rogers now appeals, arguing the district court erred in revoking his probation and imposing his underlying prison sentence. The State must prove a probation violation by a preponderance of the evidence. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). We review the district court's factual findings for substantial competent evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Rogers bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

In this case, the district court's discretion on whether to revoke probation was limited by the intermediate sanctions outlined in K.S.A. 2018 Supp. 22-3716. According to the law in effect at the time Rogers committed his crime, a district court was required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997

(2015). However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke probation without imposing sanctions if "the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Here, the State alleged, and the district court specifically found, Rogers had committed new crimes of theft while on probation. However, Rogers merely claims the district court abused its discretion by finding Rogers committed a new offense and refusing to reinstate his probation. He fails to advance any argument as to why the evidence in the record fails to support such a finding. Thus, we consider any challenge to the district court's conclusion that Rogers committed new crimes as abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed deemed waived or abandoned).

As to the wisdom of the district court's refusal to reinstate Rogers' probation, we see no abuse of discretion. Given that Rogers committed new crimes while on probation, meaning the district court had the legal authority to revoke Rogers' probation, it strikes us as reasonable for a district court to revoke an offender's probation who commits new crimes while on probation. Thus, we affirm the district court's revocation of Rogers' probation and imposition of his original underlying prison sentence.

Finally, Rogers asserts a constitutional claim that the district court "erred in imposing a greater penalty [based on his criminal history score] that was not charged in the complaint and proven to a jury beyond a reasonable doubt." But Rogers did not timely appeal his sentence imposed on April 20, 2020. See K.S.A. 2020 Supp. 22-3608(c) ("For crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal."); *Inkelaar*, 38 Kan. App. 2d at 318 (holding notice of appeal timely only as to probation revocation; does not allow for appeal of

3

original sentence). And a claim that a sentence violates a constitutional provision does not make the sentence illegal under K.S.A. 2020 Supp. 22-3504, allowing it to be corrected at any time. *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016). Because Rogers did not timely appeal his sentence, we lack the jurisdiction to address his sentencing issue. But even if we had jurisdiction to address the issue, we note that our Supreme Court has rejected Rogers' argument in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Affirmed in part and dismissed in part.